UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KALE VORAK, | CASE NO. 11-5181 RJB/KLS |
| Petitioner, | ORDER ON REPORT AND RECOMMENDATION, AND VARIOUS OTHER MOTIONS |
| v. | |
| MAGGIE MILLER-STOUT, | |
| Respondent. | |

This matter comes before the Court on Petitioner's Motion for Leave to Amend § 2254 Petition (Dkt. 17) and the Report and Recommendation of U.S. Magistrate Judge Karen L. Strombom (Dkt.16). The Court has considered Petitioner's Motion, the Report and Recommendation, objections to the Report and Recommendation, the remaining record, and is fully advised.

Petitioner filed this petition for *habeas corpus* on March 2, 2011. Dkt. 1. Petitioner raises three grounds for relief. *Id.* On July 19, 2011, the Report and Recommendation was filed, recommending that the Petitioner's motion for a stay (Dkt. 2) be denied and the petition be dismissed as time barred under 28 U.S.C. § 2244(d). Dkt. 16. The Report and Recommendation

1 also recommends denying the certificate of appealability. *Id.* On July 22, 2011, Petitioner filed
2 the motion to amend, moving to strike his second and third ground for relief and to be permitted
3 to proceed on his first ground for relief. Dkt. 17.

      **A.  MOTION TO AMEND**

5       To the extent that Petitioner seeks to amend his petition and strike the second and third
6 ground for relief (Dkt. 17), his motion should be granted. The motion is unopposed as to striking
7 these claims. To the extent that Petitioner moves that "this Court to allow him to proceed on
8 ground one" his motion should be granted. To the extent that he moves the Court to "accept[s]
9 [the attached] Memorandom [sic] (Dkt. 17-1) in support of," his claim, his pleading should be
10 treated as objections to the Report and Recommendation. To the extent that Petitioner moves the
11 Court to "order[s] Mrs. Miller-Stout to respond" his motion should be denied. Respondent
12 should not be ordered to respond.

      **B.  REPORT AND RECOMMENDATION**

14       The Report and Recommendation (Dkt. 16) should be adopted. Petitioner's motion to
15 stay (Dkt. 2) should be denied. Petitioner sought to stay this case until the Washington Supreme
16 Court issued a decision in his third personal restraint petition, which in part relates to his second
17 and third ground for relief. Dkt. 2. As stated in the Report and Recommendation, the
18 Washington Supreme Court's order denying Petitioner' motion to modify the Court's decision to
19 dismiss the personal restraint petition as "mixed" and untimely was entered on July 12, 2011.
20 Dkt. 16. Further, Petitioner does not argue that the case should be stayed any longer. The
21 motion to stay should be denied.

22       The petition, which now only contains one ground for relief, should be dismissed as time
23 barred pursuant to 28 U.S.C. § 2244(d). Petitioner filed his petition more than one year after his

state court judgment became final and there are no extraordinary circumstances that merit equitably tolling the statute of limitations.

To the extent Petitioner attempts to argue the merits of his claim, his objections do not provide a basis to reject the recommendation that his claim is time barred.  Petitioner also objects to the manner in which the statute of limitations time period was calculated.  Dkts. 17-1 and 18.  Petitioner's objection that he had 90 days within which to file a writ of certiorari to the Washington Supreme Court is contrary to Washington's Rules of Appellate Procedure 13.4(a). RAP 13.4 (a) provides,

> A party seeking discretionary review by the Supreme Court of a Court of Appeals decision terminating review must file a petition for review or an answer to the petition which raises new issues.  The petition for review must be filed in the Court of Appeals within 30 days after an order is filed denying a timely motion of reconsideration of all or any part of that decision.

The Report and Recommendation properly concluded that the 30 day timeframe should be used.  Further, Petitioner did not point to extraordinary circumstances that would allow for equitable tolling of the statute.  His petition should be dismissed and the certificate of appealability denied.

## ORDER

Accordingly, it is hereby **ORDERED**:

- Petitioner's Motion for Leave to Amend § 2254 Petition (Dkt. 17) **IS DENIED** to the extent Petitioner moves the Court to order Respondent to "respond," and **GRANTED** in all other respects;

- The Report and Recommendation (Dkt. 16) **IS ADOPTED**;
    - Petitioner's Motion for a Stay and Abeyance (Dkt. 2) **IS DENIED**;
    - The Petition **IS DISMISSED** as time barred;
    - The Certificate of Appealability **IS DENIED**.

1   The Clerk is directed to send uncertified copies of this Order to all counsel of record, to
2   any party appearing *pro se* at said party's last known address, and to U.S. Magistrate Judge
3   Karen L. Strombom.

4   Dated this 19th day of August, 2011.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge